# United States District Court
# District of Massachusetts



CHRISTOPHER MURPHY
    PLAINTIFF

v.

RUPERT A. DANIEL, JUAN ROSARIO,
JASON SLEEPER AND CREATIVE
THEATER CONCENPTS, INC. D/B/A THE
HIPPODROME
    DEFENDANTS

CIVIL ACTION NO. 04-30144-KPN

## NOTICE OF REMOVAL

The defendant, RUPERT A. DANIEL petitions for removal to this Court of Civil Action No. 04cv-1544, presently pending in the District Court, Springfield Division, Department of the Massachusetts Trial Court sitting in Hampden County ("District Court action"). In support, defendant petitioners state the following:

1. The plaintiff, Christoper Murphy, commenced the District Court action on June 30. 2004, against the defendant petitioner.

2. The defendant petitioner received service of the Summons and Complaint which on July 6, 2004. No responsive pleadings have been filed in District Court by the defendant petitioners. This petition is filed in this Court within thirty (30) days after notice of the existence of the filing of the District Court action .

3. The Superior Court action involves alleged unconstitutional conduct with regard to the arrest and detention of the plaintiff, a controversy arising under the laws of the United

42675

# Commonwealth of Massachusetts

## Trial Court of the Commonwealth

HAMPDEN, ss.

DISTRICT COURT DEPARTMENT
SPRINGFIELD DIVISION
50 State Street, Springfield, MA. 01103

CHRISTOPHER MURPHY

v.

RUPERT A. DANIEL, JUAN ROSARIO, JASON SLEEPER, AND CREATIVE THEATER CONCEPTS, INC. D/B/A THE HIPPODROME

Civil Action No. 04CV-1544

### SUMMONS
(Rule 4)

To defendant **RUPERT A. DANIEL** (name) of **SPRINGFIELD, MA** (address):

You are hereby summoned and required to serve upon **A.J. O'DONALD**, plaintiff('s attorney), whose address is **1859 Northampton St, Holyoke**, a copy of your answer to the complaint which is herewith served upon you, within 20 days after service of this summons, exclusive of the day of service. You are also required to file your answer to the complaint in the office of the Clerk of this court either before service upon plaintiff('s attorney), or within 5 days thereafter. If you fail to meet the above requirements, judgment by default may be rendered against you for the relief demanded in the complaint. You need not appear personally in court to answer the complaint.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will be barred from making such claim in any other action.

WITNESS **ROBERT F. KUMOR, JR.**, Presiding Justice, on _____ (date)

(SEAL)

_Robert E. Fein_
Clerk

Note:
(1) When more than one defendant is involved, the names of all defendants should appear in the action. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
(2) The number assigned to the complaint by the Clerk at commencement of the action should be affixed to this summons before it is served.

ATENCIÓN: Esta es una notificación oficial de la corte. Si usted no sabe leer inglés, obtenga traducción.

### RETURN OF SERVICE

On **JUN 3 0 2004** (date of service) I served a copy of the within summons, together with a copy of the complaint in this action, upon the within named defendant, in the following manner (see Rule 4 (d) (1-5)):

A TRUE COPY ATTEST
Alfred B. Bodine
DEPUTY SHERIFF HND. CTY.
6/24/04

_____
(signature)

_____
(name and title)

_____
(address)

Note:
(1) The person serving the process shall make proof of service thereof in writing to the court and to the party or his attorney, as the case may be, who has requested such service. Proof of service shall be made promptly and in any event within the same time during which the person served must respond to the process. Rule 4(f).
(2) Please place date you make service on defendant in the box on the copy served on the defendant, on the original returned to the court and on the copy returned to the person requesting service or his attorney.
(3) If service is made at the last and usual place of abode, the officer shall forthwith mail first class a copy of the summons to such last and usual place of abode, and shall set forth in the return the date of mailing and the address to which the summons was sent (G.L. c. 223, sec. 31).

This form prescribed by the Chief Justice of the District Courts.

St. 1996, c. 358, § 5 | 04CV 1544 | District Court Department

PLAINTIFF(S): CHRISTOPHER MURPHY.

DEFENDANT(S): RUPERT DANIEL, JUAN ROSARIO, JASON SLEEPER AND CREATIVE THEATRE CONCEPTS

SPRINGFIELD DISTRICT COURT

A. Documented medical expenses to date:
 1. Total hospital expenses: APPROXIMATELY $1000
 2. Total doctor expenses: APPROXIMATELY $1000
 3. Total chiropractic expenses: $ ___
 4. Total physical therapy expenses: $ ___
 5. Total other expenses (Describe): $ ___

SUBTOTAL: $ ___

B. Documented lost wages and compensation to date: APPROXIMATELY $1000
C. Documented property damages to date: $ ___
D. Reasonably anticipated future medical and hospital expenses: $ ___
E. Reasonably anticipated lost wages: $ ___
F. Other documented items of damage (Describe): $ ___

G. Brief description of Plaintiff's injury, including nature and extent of injury (Describe):

TWO FRACTURED ORBITAL SOCKETS, VISION IMPAIRMENTS, NUMEROUS CUT AND CONTUSIONS

For this form, disregard double or treble damage claims; indicate single damages only. TOTAL: $3000

**CONTRACLAIMS** AMOUNT

Provide a detailed description of claim(s): ___

For this form, disregard double or treble damage claims; indicate single damages only. TOTAL: $ ___

ATTORNEY FOR PLAINTIFF (OR PRO SE PLAINTIFF):
Signature / Date: 638172
Print or Type Name: A. J. O'DONALD   B.B.O.#
Address: 1859 NORTHAMPTON ST, HOLYOKE, MA 01040

DEFENDANT'S NAME AND ADDRESS: ___

33

4/02

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, SS.                          SPRINGFIELD DISTRICT COURT
                                      OF THE TRIAL COURT
                                      CIVIL ACTION NO.   04 CV   1544

CHRISTOPHER MURPHY,                   )
            Plaintiff,                )
                                      )
v.                                    )
                                      ) PLAINTIFF'S CIVIL
                                      ) COMPLAINT AND DEMAND
RUPERT A. DANIEL, JUAN ROSARIO,       ) FOR JURY TRIAL
JASON SLEEPER, and CREATIVE THEATER   )
CONCEPTS, INC., d/b/a The HIPPODROME, )
            Defendants.               )

## PARTIES

1. The Plaintiff, Christopher Murphy, is a natural person residing at 63 Boutin Street, Chicopee, Hampden County, Massachusetts.

2. The Defendant, Rupert A. Daniel, is a member of the Springfield Police Department.

3. The Defendant, Juan Rosario, is a member of the Springfield Police Department.

4. The Defendant, Jason Sleeper, is a member of the Springfield Police Department.

5. The Defendant, Creative Theater Concepts, Inc., d/b/a The Hippodrome, is a duly organized Massachusetts corporation with a principal place of business at 1700 Main Street, Springfield, Massachusetts.

## FACTS RELEVANT TO ALL COUNTS

7. The Plaintiff repeats and realleges paragraphs 1 through 6 as set forth above.

8. On or about September 28, 2001, at approximately 2:30 a.m., three individuals assaulted the Plaintiff, Christopher Murphy, at the Paramount Pizza Shop in Springfield, Massachusetts.

9. Springfield Police working an authorized overtime detail assignment at the Hippodrome nightclub in Springfield responded to the incident at Paramount Pizza Shop, which is located adjacent to the Hippodrome.

10. Defendant, Creative Theater Concepts, Inc., d/b/a the Hippodrome, monetarily compensates the Defendant, City of Springfield, for the Springfield Police Officers it hires at its establishment.

11. The Springfield Police working the authorized overtime detail assignment at the Hippodrome on said occasion that responded to the scene included Officer Juan Rosario, Officer Jason Sleeper and Rupert A. Daniel.

12. Upon arrival at the scene, the Defendant police officers, Juan Rosario, Jason Sleeper and Rupert A. Daniel, physically attacked the Plaintiff.

13. At the time of the attack, the Plaintiff was not engaged in any fighting or other physical confrontation with any other person(s).

14. After causing the Plaintiff significant bodily injury, the Defendant, Springfield Police Officers, attempted to conceal their wrongful actions by arresting the Plaintiff and charging him with three counts of assault and battery upon a police officer, disorderly person and resisting arrest.

15. At all times relevant hereto, the Defendant, Creative Theater Concepts, Inc, d/b/a The Hippodrome, said Springfield Police Officers were agents and/or employees of the Hippodrome.

16. As a direct and proximate result of the physical assault committed by the Springfield Police Officers, the Plaintiff, Christopher Murphy, was caused and will continue to suffer severe and permanent injuries, incur medical expenses and other financial losses and experience pain and suffering.

17. On or around February 19, 2003, after trial, the Plaintiff was acquitted of all charges.

## CAUSES OF ACTION

### COUNT ONE
### (Christopher Murphy v. Rupert A. Daniel)

19. The Plaintiff hereby realleges and reasserts the allegations contained in paragraphs 1 through 18 as set forth above.

20. The actions of Defendant, Rupert A. Daniel, constitute a violation of the Massachusetts Civil Rights Act, M.G.L. c.12 § 11I.

**WHEREFORE**, Plaintiff requests the following relief:
   a) Compensatory damages;
   b) Punitive Damages;
   c) Reasonable Attorneys fee and costs; and
   d) Such other and further relief as appears reasonable and just.

## COUNT TWO
### (Christopher Murphy v. Juan Rosario)

21. The Plaintiff hereby realleges and reasserts the allegations contained in paragraphs 1 through 20 as set forth above.

22. The actions of Defendant, Juan Rosario, constitute a violation of the Massachusetts Civil Rights Act, M.G.L. c.12 § 11I.

**WHEREFORE**, Plaintiff requests the following relief:
   a) Compensatory damages;
   b) Punitive Damages;
   c) Reasonable Attorneys fee and costs; and
   d) Such other and further relief as appears reasonable and just.

## COUNT THREE
### (Christopher Murphy v. Jason Sleeper)

23. The Plaintiff hereby realleges and reasserts the allegations contained in paragraphs 1 through 22 as set forth above.

24. The actions of Defendant, Jason Sleeper, constitute a violation of the Massachusetts Civil Rights Act, M.G.L. c.12 § 11I.

**WHEREFORE**, Plaintiff requests the following relief:
   a) Compensatory damages;
   b) Punitive Damages;
   c) Reasonable Attorneys fee and costs; and
   d) Such other and further relief as appears reasonable and just.

## COUNT FOUR
### (Christopher Murphy v. Sergeant Rupert A. Daniel)

25. The Plaintiff hereby realleges and reasserts the allegations contained in paragraphs 1 through 24 as set forth above.

26. The actions of Defendant, Rupert A. Daniel, constitute a violation of the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §1983.

**WHEREFORE**, Plaintiff requests the following relief:
   a) Compensatory damages;
   b) Punitive Damages;
   c) Reasonable Attorneys fee and costs; and
   d) Such other and further relief as appears reasonable and just.

## COUNT FIVE
### (Christopher Murphy v. Juan Rosario)

27. The Plaintiff hereby realleges and reasserts the allegations contained in paragraphs 1 through 26 as set forth above.

28. The actions of Defendant, Juan Rosario, constitute a violation of the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §1983.

**WHEREFORE**, Plaintiff requests the following relief:
   a) Compensatory damages;
   b) Punitive Damages;
   c) Reasonable Attorneys fee and costs; and
   d) Such other and further relief as appears reasonable and just.

## COUNT SIX
### (Christopher Murphy v. Jason Sleeper)

29. The Plaintiff hereby realleges and reasserts the allegations contained in paragraphs 1 through 28 as set forth above.

30. The actions of Defendant, Jason Sleeper, constitute a violation of the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §1983.

**WHEREFORE**, Plaintiff requests the following relief:
   a) Compensatory damages;
   b) Punitive Damages;
   c) Reasonable Attorneys fee and costs; and
   d) Such other and further relief as appears reasonable and just.

## COUNT SEVEN
### (Christopher Murphy v. Rupert A. Daniel)

31. The Plaintiff hereby realleges and reasserts the allegations contained in paragraphs 1 through 30 as set forth above.

32. By means of the acts alleged above the Defendant, Rupert A. Daniel, committed an assault and battery upon the Plaintiff.

**WHEREFORE**, Plaintiff requests the following relief:
   a) Compensatory damages;
   b) Reasonable Attorneys fee and costs; and
   c) Such other and further relief as appears reasonable and just.

## COUNT EIGHT
### (Christopher Murphy v. Juan Rosario)

33. The Plaintiff hereby realleges and reasserts the allegations contained in paragraphs 1 through 32 as set forth above.

34. By means of the acts alleged above the Defendant, Juan Rosario, committed an assault and battery upon the Plaintiff.

**WHEREFORE**, Plaintiff requests the following relief:
   a) Compensatory damages;
   b) Reasonable Attorneys fee and costs; and
   c) Such other and further relief as appears reasonable and just.

## COUNT NINE
### (Christopher Murphy v. Jason Sleeper)

34. The Plaintiff hereby realleges and reasserts the allegations contained in paragraphs 1 through 33 as set forth above.

35. By means of the acts alleged above the Defendant, Jason Sleeper, committed an assault and battery upon the Plaintiff.

**WHEREFORE**, Plaintiff requests the following relief:
   a) Compensatory damages;
   b) Reasonable Attorneys fee and costs; and
   c) Such other and further relief as appears reasonable and just.

## COUNT TEN
### (Christopher Murphy v. Rupert A. Daniel)

36. The Plaintiff hereby realleges and reasserts the allegations contained in paragraphs 1 through 35 as set forth above.

37. By means of the acts alleged above the Defendant, Rupert A. Daniel, falsely imprisoned the Plaintiff.

**WHEREFORE**, Plaintiff requests the following relief:
   a) Compensatory damages;
   b) Reasonable Attorneys fee and costs; and
   c) Such other and further relief as appears reasonable and just.

## COUNT ELEVEN
### (Christopher Murphy v. Juan Rosario)

38. The Plaintiff hereby realleges and reasserts the allegations contained in paragraphs 1 through 37 as set forth above.

39. By means of the acts alleged above the Defendant, Juan Rosario, falsely imprisoned the Plaintiff.

**WHEREFORE**, Plaintiff requests the following relief:
  a) Compensatory damages;
  b) Reasonable Attorneys fee and costs; and
  c) Such other and further relief as appears reasonable and just.

## COUNT TWELVE
### (Christopher Murphy v. Jason Sleeper)

40. The Plaintiff hereby realleges and reasserts the allegations contained in paragraphs 1 through 39 as set forth above.

41. By means of the acts alleged above the Defendant, Jason Sleeper, falsely imprisoned the Plaintiff.

**WHEREFORE**, Plaintiff requests the following relief:
  a) Compensatory damages;
  b) Reasonable Attorneys fee and costs; and
  c) Such other and further relief as appears reasonable and just.

## COUNT THIRTEEN
### (Christopher Murphy v. Rupert A. Daniel)

42. The Plaintiff hereby realleges and reasserts the allegations contained in paragraphs 1 through 41 as set forth above.

43. By means of the acts alleged above the Defendant, Rupert A. Daniel, without probable cause, commenced criminal proceedings against the Plaintiff without basis, maliciously and with intent to harm the Plaintiff.

**WHEREFORE**, Plaintiff requests the following relief:
  a) Compensatory damages;
  b) Reasonable Attorneys fee and costs; and
  c) Such other and further relief as appears reasonable and just.

## COUNT FOURTEEN
## (Christopher Murphy v. Juan Rosario)

44. The Plaintiff hereby realleges and reasserts the allegations contained in paragraphs 1 through 43 as set forth above.

45. By means of the acts alleged above the Defendant, Juan Rosario, without probable cause, commenced criminal proceedings against the Plaintiff without basis, maliciously and with intent to harm the Plaintiff.

**WHEREFORE**, Plaintiff requests the following relief:
   a) Compensatory damages;
   b) Reasonable Attorneys fee and costs; and
   c) Such other and further relief as appears reasonable and just.

## COUNT FIFTEEN
## (Christopher Murphy v. Jason Sleeper)

46. The Plaintiff hereby realleges and reasserts the allegations contained in paragraphs 1 through 45 as set forth above.

47. By means of the acts alleged above the Defendant, Jason Sleeper, without probable cause, commenced criminal proceedings against the Plaintiff without basis, maliciously and with intent to harm the Plaintiff.

**WHEREFORE**, Plaintiff requests the following relief:
   a) Compensatory damages;
   b) Reasonable Attorneys fee and costs; and
   c) Such other and further relief as appears reasonable and just.

## COUNT SIXTEEN
## (Christopher Murphy v. Rupert A. Daniel)

48. The Plaintiff hereby realleges and reasserts the allegations contained in paragraphs 1 through 47 as set forth above.

49. By means of the acts alleged above the Defendant, Rupert A. Daniel, was extreme and outrageous, utterly intolerable in a civilized community and intended to cause the Plaintiff emotional distress and anguish.

50. As a result of the actions of Defendant, Rupert A. Daniel, the Plaintiff suffered severe emotional distress and anguish that was so severe that no reasonable person could be expected to endure it.

**WHEREFORE**, Plaintiff requests the following relief:
   a) Compensatory damages;

  b) Reasonable Attorneys fee and costs; and
  c) Such other and further relief as appears reasonable and just.

## COUNT SEVENTEEN
### (Christopher Murphy v. Juan Rosario)

51. The Plaintiff hereby realleges and reasserts the allegations contained in paragraphs 1 through 50 as set forth above.

52. By means of the acts alleged above the Defendant, Juan Rosario, was extreme and outrageous, utterly intolerable in a civilized community and intended to cause the Plaintiff emotional distress and anguish.

53. As a result of the actions of Defendant, Juan Rosario, the Plaintiff suffered severe emotional distress and anguish that was so severe that no reasonable person could be expected to endure it.

**WHEREFORE**, Plaintiff requests the following relief:
  a) Compensatory damages;
  b) Reasonable Attorneys fee and costs; and
  c) Such other and further relief as appears reasonable and just.

## COUNT EIGHTEEN
### (Christopher Murphy v. Jason Sleeper)

54. The Plaintiff hereby realleges and reasserts the allegations contained in paragraphs 1 through 53 as set forth above.

55. By means of the acts alleged above the Defendant, Jason Sleeper, was extreme and outrageous, utterly intolerable in a civilized community and intended to cause the Plaintiff emotional distress and anguish.

56. As a result of the actions of Defendant, Jason Sleeper, the Plaintiff suffered severe emotional distress and anguish that was so severe that no reasonable person could be expected to endure it.

**WHEREFORE**, Plaintiff requests the following relief:
  a) Compensatory damages;
  b) Reasonable Attorneys fee and costs; and
  c) Such other and further relief as appears reasonable and just.

## COUNT NINETEEN
### (Christopher Murphy v. Creative Theater Concepts, Inc. d/b/a Hippodrome)

57. The Plaintiff hereby realleges and reasserts the allegations contained in paragraphs 1 through 56 as set forth above.

58. The actions of Defendant, Creative Theater Concepts, Inc. d/b/a Hippodrome, through its agent, servants and/or employees, constitute a violation of the Massachusetts Civil Rights Act, M.G.L. c.12 § 11I.

**WHEREFORE**, Plaintiff requests the following relief:
   a) Compensatory damages;
   b) Punitive Damages;
   c) Reasonable Attorneys fee and costs; and
   d) Such other and further relief as appears reasonable and just.

## COUNT TWENTY
### (Christopher Murphy v. Creative Theater Concepts, Inc. d/b/a Hippodrome)

59. The Plaintiff hereby realleges and reasserts the allegations contained in paragraphs 1 through 58 as set forth above.

60. The actions of Defendant, Creative Theater Concepts, Inc. d/b/a Hippodrome, through its agent, servants and/or employees, constitute a violation of the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §1983.

**WHEREFORE**, Plaintiff requests the following relief:
   a) Compensatory damages;
   b) Punitive Damages;
   c) Reasonable Attorneys fee and costs; and
   d) Such other and further relief as appears reasonable and just.

## COUNT TWENTY-ONE
### (Christopher Murphy v. Creative Theater Concepts, Inc. d/b/a Hippodrome)

61. The Plaintiff hereby realleges and reasserts the allegations contained in paragraphs 1 through 60 as set forth above.

62. By means of the acts alleged above the Defendant, Creative Theater Concepts, Inc. d/b/a Hippodrome, through its agent, servants and/or employees, committed an assault and battery upon the Plaintiff.

**WHEREFORE**, Plaintiff requests the following relief:
   a) Compensatory damages;
   b) Reasonable Attorneys fee and costs; and
   c) Such other and further relief as appears reasonable and just.

## COUNT TWENTY-TWO
### (Christopher Murphy v. Creative Theater Concepts, Inc. d/b/a Hippodrome)

63. The Plaintiff hereby realleges and reasserts the allegations contained in paragraphs 1 through 62 as set forth above.

64. By means of the acts alleged above the Defendant, Creative Theater Concepts, Inc. d/b/a Hippodrome, through its agent, servants and/or employees, falsely imprisoned the Plaintiff.

**WHEREFORE**, Plaintiff requests the following relief:
   a) Compensatory damages;
   b) Reasonable Attorneys fee and costs; and
   c) Such other and further relief as appears reasonable and just.

## COUNT TWENTY-THREE
### (Christopher Murphy v. Creative Theater Concepts, Inc. d/b/a Hippodrome)

65. The Plaintiff hereby realleges and reasserts the allegations contained in paragraphs 1 through 64 as set forth above.

66. By means of the acts alleged above the Defendant, Creative Theater Concepts, Inc. d/b/a Hippodrome, through its agent, servants and/or employees, without probable cause, commenced criminal proceedings against the Plaintiff without basis, maliciously and with intent to harm the Plaintiff.

**WHEREFORE**, Plaintiff requests the following relief:
   a) Compensatory damages;
   b) Reasonable Attorneys fee and costs; and
   c) Such other and further relief as appears reasonable and just.

## COUNT TWENTY-FOUR
### (Christopher Murphy v. Creative Theater Concepts, Inc. d/b/a Hippodrome)

67. The Plaintiff hereby realleges and reasserts the allegations contained in paragraphs 1 through 66 as set forth above.

68. The actions alleged above committed by the Defendant, Creative Theater Concepts, Inc. d/b/a Hippodrome, through its agent, servants and/or employees, were extreme and outrageous, utterly intolerable in a civilized community and intended to cause the Plaintiff emotional distress and anguish.

69. As a result of the actions of Defendant, d/b/a Hippodrome, through its agents, servants and/or employees, the Plaintiff suffered severe emotional distress

and anguish that was so severe that no reasonable person could be expected to endure it.

**WHEREFORE**, Plaintiff requests the following relief:
a) Compensatory damages;
b) Reasonable Attorneys fee and costs; and
c) Such other and further relief as appears reasonable and just.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY ON ALL COUNTS TO TRIABLE.**

The Plaintiff,
By his attorneys,

A.J. O'Donald, III, Esq.
1859 Northampton Street
Holyoke, MA 01040
(413) 533-7400 telephone
(413) 533-7577 facsimile
BBO# 638172

Joseph A. Franco, Esq.
51 Park Avenue
West Springfield, MA 01089
(413) 737-2675 telephone
(413) 747-1721 facsimile
BBO# 543038