UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
(Western Section)

Civil Action No. 04-CV-3014

CHRISTOPHER MURPHY,                    )
                Plaintiff,             )
                                       )**PLAINTIFF'S CIVIL**
v.                                     )**COMPLAINT AND**
                                       )**DEMAND FOR JURY**
RUPERT A. DANIEL, JUAN ROSARIO,        )**TRIAL**
JASON SLEEPER, CREATIVE THEATER        )
CONCEPTS, INC., d/b/a The HIPPODROME,   )
and CITY OF SPRINGFIELD                )
                Defendants.            )

## PARTIES

1. The Plaintiff, Christopher Murphy, is a natural person residing at 63 Boutin Street, Chicopee, Hampden County, Massachusetts.

2. The Defendant, Sergeant Rupert A. Daniel, is a member of the Springfield Police Department.

3. The Defendant, Juan Rosario, is a member of the Springfield Police Department.

4. The Defendant, Jason Sleeper, is a member of the Springfield Police Department.

5. The Defendant, Creative Theater Concepts, Inc., d/b/a The Hippodrome, is a duly organized Massachusetts corporation with a principal place of business at 1700 Main Street, Springfield, Massachusetts.

6. The Defendant, City of Springfield, is a municipal corporation duly organized under the laws of the Commonwealth of Massachusetts.

## FACTS RELEVANT TO ALL COUNTS

7. The Plaintiff repeats and realleges paragraphs 1 through 6 as set forth above.

1

8. On or about September 28, 2001, at approximately 2:30 a.m., three individuals assaulted the Plaintiff, Christopher Murphy, at the Paramount Pizza Shop in Springfield, Massachusetts.

9. Springfield Police working an authorized overtime detail assignment at the Hippodrome nightclub in Springfield responded to the incident at Paramount Pizza Shop, which is located adjacent to the Hippodrome.

10. Defendant, Creative Theater Concepts, Inc., d/b/a the Hippodrome, monetarily compensates the Defendant, City of Springfield, for the Springfield Police Officers it hires at its establishment.

11. The Springfield Police working the authorized overtime detail assignment at the Hippodrome on said occasion that responded to the scene included Officer Juan Rosario, Officer Jason Sleeper and Sergeant Rupert A. Daniel.

12. Upon arrival at the scene, the Defendant police officers, Juan Rosario, Jason Sleeper and Rupert A. Daniel, physically attacked the Plaintiff.

13. At the time of the attack, the Plaintiff was not engaged in any fighting or other physical confrontation with any other person(s).

14. After causing the Plaintiff significant bodily injury, the Defendant, Springfield Police Officers, attempted to conceal their wrongful actions by arresting the Plaintiff and charging him with three counts of assault and battery upon a police officer, disorderly person and resisting arrest.

15. At all times relevant hereto, the Defendant, Creative Theater Concepts, Inc, d/b/a The Hippodrome, said Springfield Police Officers were agents and/or employees of the Hippodrome.

16. As a direct and proximate result of the physical assault committed by the Springfield Police Officers, the Plaintiff, Christopher Murphy, was caused and will continue to suffer severe and permanent injuries, incur medical expenses and other financial losses and experience pain and suffering.

2

17. At all times relevant hereto, Defendants, Officer Juan Rosario, Officer Jason Sleeper and Sergeant Rupert A. Daniel, were acting under their official capacity as Springfield Police Officers.

18. On May 29, 2004, Plaintiff, Christopher Murphy, through counsel of record, duly notified Defendant, City of Springfield, pursuant to M.G.L. c.258§4, of his injuries and intent to hold the City of Springfield responsible for said injuries. A copy of said notice sent certified mail/return receipt 7002 3150 0006 2588 2168 addressed to Mayor Charles Ryan is attached hereto and marked as exhibit A and the green return receipt is attached and marked as exhibit B. The City has not offered to settle this action.

19. On or around February 19, 2003, after trial, the Plaintiff was acquitted of all charges.

### CAUSES OF ACTION

### COUNT ONE
### (Christopher Murphy v. Rupert A. Daniel)

20. The Plaintiff hereby realleges and reasserts the allegations contained in paragraphs 1 through 19 as set forth above.

21. The actions of Defendant, Rupert A. Daniel, constitute a violation of the Massachusetts Civil Rights Act, M.G.L. c.12 § 11I.

**WHEREFORE**, Plaintiff requests the following relief:
   a) Compensatory damages;
   b) Punitive Damages;
   c) Reasonable Attorneys fee and costs; and
   d) Such other and further relief as appears reasonable and just.

### COUNT TWO
### (Christopher Murphy v. Juan Rosario)

22. The Plaintiff hereby realleges and reasserts the allegations contained in paragraphs 1 through 21 as set forth above.

3

23.  The actions of Defendant, Juan Rosario, constitute a violation of the Massachusetts Civil Rights Act, M.G.L. c.12 § 11I.

**WHEREFORE**, Plaintiff requests the following relief:
a) Compensatory damages;
b) Punitive Damages;
c) Reasonable Attorneys fee and costs; and
d) Such other and further relief as appears reasonable and just.

### COUNT THREE
### (Christopher Murphy v. Jason Sleeper)

24.  The Plaintiff hereby realleges and reasserts the allegations contained in paragraphs 1 through 23 as set forth above.

25.  The actions of Defendant, Jason Sleeper, constitute a violation of the Massachusetts Civil Rights Act, M.G.L. c.12 § 11I.

**WHEREFORE**, Plaintiff requests the following relief:
a) Compensatory damages;
b) Punitive Damages;
c) Reasonable Attorneys fee and costs; and
d) Such other and further relief as appears reasonable and just.

### COUNT FOUR
### (Christopher Murphy v. Sergeant Rupert A. Daniel)

26.  The Plaintiff hereby realleges and reasserts the allegations contained in paragraphs 1 through 25 as set forth above.

27.  The actions of Defendant, Rupert A. Daniel, constitute a violation of the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §1983.

**WHEREFORE**, Plaintiff requests the following relief:
a) Compensatory damages;
b) Punitive Damages;
c) Reasonable Attorneys fee and costs; and

d) Such other and further relief as appears reasonable and just.

## COUNT FIVE
### (Christopher Murphy v. Juan Rosario)

28. The Plaintiff hereby realleges and reasserts the allegations contained in paragraphs 1 through 27 as set forth above.

29. The actions of Defendant, Juan Rosario, constitute a violation of the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §1983.

**WHEREFORE,** Plaintiff requests the following relief:
   a) Compensatory damages;
   b) Punitive Damages;
   c) Reasonable Attorneys fee and costs; and
   d) Such other and further relief as appears reasonable and just.

## COUNT SIX
### (Christopher Murphy v. Jason Sleeper)

30. The Plaintiff hereby realleges and reasserts the allegations contained in paragraphs 1 through 29 as set forth above.

31. The actions of Defendant, Jason Sleeper, constitute a violation of the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §1983.

**WHEREFORE,** Plaintiff requests the following relief:
   a) Compensatory damages;
   b) Punitive Damages;
   c) Reasonable Attorneys fee and costs; and
   d) Such other and further relief as appears reasonable and just.

## COUNT SEVEN
### (Christopher Murphy v. Rupert A. Daniel)

32.  The Plaintiff hereby realleges and reasserts the allegations contained in paragraphs 1 through 31 as set forth above.

33.  By means of the acts alleged above the Defendant, Rupert A. Daniel, committed an assault and battery upon the Plaintiff.

**WHEREFORE,** Plaintiff requests the following relief:
  a) Compensatory damages;
  b) Reasonable Attorneys fee and costs; and
  c) Such other and further relief as appears reasonable and just.

## COUNT EIGHT
### (Christopher Murphy v. Juan Rosario)

34.  The Plaintiff hereby realleges and reasserts the allegations contained in paragraphs 1 through 33 as set forth above.

35.  By means of the acts alleged above the Defendant, Juan Rosario, committed an assault and battery upon the Plaintiff.

**WHEREFORE,** Plaintiff requests the following relief:
  a) Compensatory damages;
  b) Reasonable Attorneys fee and costs; and
  c) Such other and further relief as appears reasonable and just.

## COUNT NINE
### (Christopher Murphy v. Jason Sleeper)

**36.**  The Plaintiff hereby realleges and reasserts the allegations contained in paragraphs 1 through 35 as set forth above.

37.  By means of the acts alleged above the Defendant, Jason Sleeper, committed an assault and battery upon the Plaintiff.

**WHEREFORE**, Plaintiff requests the following relief:
   a) Compensatory damages;
   b) Reasonable Attorneys fee and costs; and
   c) Such other and further relief as appears reasonable
      and just.

### COUNT TEN
### (Christopher Murphy v. Rupert A. Daniel)

38.  The Plaintiff hereby realleges and reasserts the
allegations contained in paragraphs 1 through 37 as set
forth above.

39.  By means of the acts alleged above the Defendant,
Rupert A. Daniel, falsely imprisoned the Plaintiff.

**WHEREFORE**, Plaintiff requests the following relief:
   a) Compensatory damages;
   b) Reasonable Attorneys fee and costs; and
   c) Such other and further relief as appears reasonable
      and just.

### COUNT ELEVEN
### (Christopher Murphy v. Juan Rosario)

40.  The Plaintiff hereby realleges and reasserts the
allegations contained in paragraphs 1 through 39 as set
forth above.

41.  By means of the acts alleged above the Defendant, Juan
Rosario, falsely imprisoned the Plaintiff.

**WHEREFORE**, Plaintiff requests the following relief:
   a) Compensatory damages;
   b) Reasonable Attorneys fee and costs; and
   c) Such other and further relief as appears reasonable
      and just.

### COUNT TWELVE
### (Christopher Murphy v. Jason Sleeper)

42.  The Plaintiff hereby realleges and reasserts the
allegations contained in paragraphs 1 through 41 as set
forth above.

43. By means of the acts alleged above the Defendant, Jason Sleeper, falsely imprisoned the Plaintiff.

**WHEREFORE**, Plaintiff requests the following relief:
   a) Compensatory damages;
   b) Reasonable Attorneys fee and costs; and
   c) Such other and further relief as appears reasonable and just.

### COUNT THIRTEEN
### (Christopher Murphy v. Rupert A. Daniel)

44. The Plaintiff hereby realleges and reasserts the allegations contained in paragraphs 1 through 43 as set forth above.

45. By means of the acts alleged above the Defendant, Rupert A. Daniel, without probable cause, commenced criminal proceedings against the Plaintiff without basis, maliciously and with intent to harm the Plaintiff.

**WHEREFORE**, Plaintiff requests the following relief:
   a) Compensatory damages;
   b) Reasonable Attorneys fee and costs; and
   c) Such other and further relief as appears reasonable and just.

### COUNT FOURTEEN
### (Christopher Murphy v. Juan Rosario)

46. The Plaintiff hereby realleges and reasserts the allegations contained in paragraphs 1 through 45 as set forth above.

47. By means of the acts alleged above the Defendant, Juan Rosario, without probable cause, commenced criminal proceedings against the Plaintiff without basis, maliciously and with intent to harm the Plaintiff.

**WHEREFORE**, Plaintiff requests the following relief:
   a) Compensatory damages;
   b) Reasonable Attorneys fee and costs; and
   c) Such other and further relief as appears reasonable and just.

## COUNT FIFTEEN
### (Christopher Murphy v. Jason Sleeper)

48. The Plaintiff hereby realleges and reasserts the allegations contained in paragraphs 1 through 48 as set forth above.

49. By means of the acts alleged above the Defendant, Jason Sleeper, without probable cause, commenced criminal proceedings against the Plaintiff without basis, maliciously and with intent to harm the Plaintiff.

**WHEREFORE**, Plaintiff requests the following relief:
   a) Compensatory damages;
   b) Reasonable Attorneys fee and costs; and
   c) Such other and further relief as appears reasonable and just.


## COUNT SIXTEEN
### (Christopher Murphy v. Rupert A. Daniel)

50. The Plaintiff hereby realleges and reasserts the allegations contained in paragraphs 1 through 49 as set forth above.

51. By means of the acts alleged above the Defendant, Rupert A. Daniel, was extreme and outrageous, utterly intolerable in a civilized community and intended to cause the Plaintiff emotional distress and anguish.

52. As a result of the actions of Defendant, Rupert A. Daniel, the Plaintiff suffered severe emotional distress and anguish that was so severe that no reasonable person could be expected to endure it.

**WHEREFORE**, Plaintiff requests the following relief:
   a) Compensatory damages;
   b) Reasonable Attorneys fee and costs; and
   c) Such other and further relief as appears reasonable and just.

9

## COUNT SEVENTEEN
## (Christopher Murphy v. Juan Rosario)

53.  The  Plaintiff  hereby  realleges  and  reasserts  the
allegations contained in paragraphs 1 through 52 as set
forth above.

54.  By means of the acts alleged above the Defendant, Juan
Rosario, was extreme and outrageous, utterly intolerable
in  a  civilized  community  and  intended  to  cause  the
Plaintiff emotional distress and anguish.

55.  As a result of the actions of Defendant, Juan Rosario,
the  Plaintiff  suffered  severe  emotional  distress  and
anguish  that  was  so  severe  that  no  reasonable  person
could be expected to endure it.

**WHEREFORE,** Plaintiff requests the following relief:
   a) Compensatory damages;
   b) Reasonable Attorneys fee and costs; and
   c) Such  other  and  further  relief  as  appears  reasonable
      and just.

## COUNT EIGHTEEN
## (Christopher Murphy v. Jason Sleeper)

56.  The  Plaintiff  hereby  realleges  and  reasserts  the
allegations contained in paragraphs 1 through 55 as set
forth above.

57.  By means of  the acts alleged above the Defendant,
Jason  Sleeper,  was  extreme  and  outrageous,  utterly
intolerable  in  a  civilized  community  and  intended  to
cause the Plaintiff emotional distress and anguish.

58.  As  a  result  of  the  actions  of  Defendant,  Jason
Sleeper, the Plaintiff suffered severe emotional distress
and anguish that was so severe that no reasonable person
could be expected to endure it.

**WHEREFORE,** Plaintiff requests the following relief:
   a) Compensatory damages;
   b) Reasonable Attorneys fee and costs; and
   c) Such  other  and  further  relief  as  appears  reasonable
      and just.

## COUNT NINETEEN
## (Christopher Murphy v. Creative Theater Concepts, Inc. d/b/a Hippodrome)

59.  The Plaintiff hereby realleges and reasserts the allegations contained in paragraphs 1 through 58 as set forth above.

60.  The actions of Defendant, Creative Theater Concepts, Inc. d/b/a Hippodrome, through its agent, servants and/or employees, constitute a violation of the Massachusetts Civil Rights Act, M.G.L. c.12 § 11I.

**WHEREFORE,** Plaintiff requests the following relief:
   a) Compensatory damages;
   b) Punitive Damages;
   c) Reasonable Attorneys fee and costs; and
   d) Such other and further relief as appears reasonable and just.

## COUNT TWENTY
## (Christopher Murphy v. Creative Theater Concepts, Inc. d/b/a Hippodrome)

61.  The Plaintiff hereby realleges and reasserts the allegations contained in paragraphs 1 through 60 as set forth above.

62.  The actions of Defendant, Creative Theater Concepts, Inc. d/b/a Hippodrome, through its agent, servants and/or employees, constitute a violation of the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §1983.

**WHEREFORE,** Plaintiff requests the following relief:
   a) Compensatory damages;
   b) Punitive Damages;
   c) Reasonable Attorneys fee and costs; and
   d) Such other and further relief as appears reasonable and just.

## COUNT TWENTY-ONE
## (Christopher Murphy v. Creative Theater Concepts, Inc. d/b/a Hippodrome)

63.  The Plaintiff hereby realleges and reasserts the allegations contained in paragraphs 1 through 62 as set forth above.

64.  By means of the acts alleged above the Defendant, Creative Theater Concepts, Inc. d/b/a Hippodrome, through its agent, servants and/or employees, committed an assault and battery upon the Plaintiff.

**WHEREFORE**, Plaintiff requests the following relief:
   a) Compensatory damages;
   b) Reasonable Attorneys fee and costs; and
   c) Such other and further relief as appears reasonable and just.

## COUNT TWENTY-TWO
## (Christopher Murphy v. Creative Theater Concepts, Inc. d/b/a Hippodrome)

65.  The Plaintiff hereby realleges and reasserts the allegations contained in paragraphs 1 through 64 as set forth above.

66.  By means of the acts alleged above the Defendant, Creative Theater Concepts, Inc. d/b/a Hippodrome, through its agent, servants and/or employees, falsely imprisoned the Plaintiff.

**WHEREFORE**, Plaintiff requests the following relief:
   a) Compensatory damages;
   b) Reasonable Attorneys fee and costs; and
   c) Such other and further relief as appears reasonable and just.

## COUNT TWENTY-THREE
### (Christopher Murphy v. Creative Theater Concepts, Inc. d/b/a Hippodrome)

67.   The Plaintiff hereby realleges and reasserts the allegations contained in paragraphs 1 through 66 as set forth above.

68.   By means of the acts alleged above the Defendant, Creative Theater Concepts, Inc. d/b/a Hippodrome, through its agent, servants and/or employees, without probable cause, commenced criminal proceedings against the Plaintiff without basis, maliciously and with intent to harm the Plaintiff.

**WHEREFORE**, Plaintiff requests the following relief:
   a) Compensatory damages;
   b) Reasonable Attorneys fee and costs; and
   c) Such other and further relief as appears reasonable and just.

## COUNT TWENTY-FOUR
### (Christopher Murphy v. Creative Theater Concepts, Inc. d/b/a Hippodrome)

69.   The Plaintiff hereby realleges and reasserts the allegations contained in paragraphs 1 through 68 as set forth above.

70.   The actions alleged above committed by the Defendant, Creative Theater Concepts, Inc. d/b/a Hippodrome, through its agent, servants and/or employees, were extreme and outrageous, utterly intolerable in a civilized community and intended to cause the Plaintiff emotional distress and anguish.

71.   As a result of the actions of Defendant, d/b/a Hippodrome, through its agents, servants and/or employees, the Plaintiff suffered severe emotional distress and anguish that was so severe that no reasonable person could be expected to endure it.

**WHEREFORE**, Plaintiff requests the following relief:
   a) Compensatory damages;
   b) Reasonable Attorneys fee and costs; and

13

c) Such other and further relief as appears reasonable
   and just.

## COUNT TWENTY-FIVE
### (Christopher Murphy v. City of Springfield)

72. The Plaintiff hereby realleges and reasserts the
allegations contained in paragraphs 1 through 71 as set
forth above.

73. The actions of Defendant, City of Springfield, through
its agent, servants and/or employees, constitute a
violation of the Massachusetts Civil Rights Act, M.G.L.
c.12 § 11I.

**WHEREFORE,** Plaintiff requests the following relief:
   a) Compensatory damages;
   b) Punitive Damages;
   c) Reasonable Attorneys fee and costs; and
   d) Such other and further relief as appears reasonable
      and just.

## COUNT TWENTY-SIX
### (Christopher Murphy v. City of Springfield)

74. The Plaintiff hereby realleges and reasserts the
allegations contained in paragraphs 1 through 74 as set
forth above.

75. The actions of Defendant, City of Springfield, through
its agent, servants and/or employees, constitute a
violation of the Fourth and Fourteenth Amendments to the
United States Constitution and 42 U.S.C. §1983.

**WHEREFORE,** Plaintiff requests the following relief:
   a) Compensatory damages;
   b) Punitive Damages;
   c) Reasonable Attorneys fee and costs; and
   d) Such other and further relief as appears reasonable
      and just.

## COUNT TWENTY-SEVEN
### (Christopher Murphy v. City of Springfield)

76. The Plaintiff hereby realleges and reasserts the allegations contained in paragraphs 1 through 76 as set forth above.

77. By means of the acts alleged above the Defendant, City of Springfield, through its agent, servants and/or employees, committed an assault and battery upon the Plaintiff.

**WHEREFORE**, Plaintiff requests the following relief:
   a) Compensatory damages;
   b) Reasonable Attorneys fee and costs; and
   c) Such other and further relief as appears reasonable and just.

## COUNT TWENTY-EIGHT
### (Christopher Murphy v. City of Springfield)

78. The Plaintiff hereby realleges and reasserts the allegations contained in paragraphs 1 through 77 as set forth above.

79. By means of the acts alleged above the Defendant, City of Springfield, through its agent, servants and/or employees, falsely imprisoned the Plaintiff.

**WHEREFORE**, Plaintiff requests the following relief:
   a) Compensatory damages;
   b) Reasonable Attorneys fee and costs; and
   c) Such other and further relief as appears reasonable and just.

## COUNT TWENTY-NINE
### (Christopher Murphy v. City of Springfield)

80. The Plaintiff hereby realleges and reasserts the allegations contained in paragraphs 1 through 79 as set forth above.

81. By means of the acts alleged above the Defendant, City of Springfield, through its agent, servants and/or

15

employees, without probable cause, commenced criminal proceedings against the Plaintiff without basis, maliciously and with intent to harm the Plaintiff.

**WHEREFORE,** Plaintiff requests the following relief:
   a) Compensatory damages;
   b) Reasonable Attorneys fee and costs; and
   c) Such other and further relief as appears reasonable and just.

### COUNT THIRTY
### (Christopher Murphy v. City of Springfield)

82. The Plaintiff hereby realleges and reasserts the allegations contained in paragraphs 1 through 81 as set forth above.

83. The actions alleged above committed by the Defendant, City of Springfield, through its agent, servants and/or employees, were extreme and outrageous, utterly intolerable in a civilized community and intended to cause the Plaintiff emotional distress and anguish.

84. As a result of the actions of Defendant, City of Springfield, through its agents, servants and/or employees, the Plaintiff suffered severe emotional distress and anguish that was so severe that no reasonable person could be expected to endure it.

**WHEREFORE,** Plaintiff requests the following relief:
   a) Compensatory damages;
   b) Reasonable Attorneys fee and costs; and
   c) Such other and further relief as appears reasonable and just.


**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY ON ALL COUNTS TO TRIABLE.**

16

The Plaintiff,
By his attorneys,


A.J. O' Donald, III, Esq.
1859 Northampton Street
Holyoke, MA 01040
(413) 533-7400 telephone
(413) 533-7577 facsimile
BBO#   638172


Joseph A. Franco, Esq.
51 Park Avenue
West Springfield, MA 01089
(413) 737-2675 telephone
(413) 747-1721 facsimile
BBO#   543038

# EXHIBIT A

# O' DONALD LAW OFFICES

1859 NORTHAMPTON STREET
HOLYOKE, MASSACHUSETTS 01040
TELEPHONE 413-533-7400
FASCIMILE 413-533-7577

A.J. O'DONALD, III

ALISON M. BARTLETT-O'DONALD*

*ALSO LICENSED IN CONNECTICUT AND NEW YORK

May 29, 2004

**Via certified mail/return receipt requested**
**7002 3150 0006 2588 2168**

Mayor Charles Ryan
City of Springfield
36 Court Street
Springfield, Ma 01103

Re:  **Christopher Murphy v. City of Springfield**

Dear Mayor Ryan:

Please be advised that Christopher Murphy has retained our office for bodily injuries sustained in a physical attack by three members of the Springfield Police Department.  This letter shall serve as formal notice pursuant to M.G.L. c.258 §4 of my client's intention to hold the City of Springfield responsible for the unlawful acts of its police officers.

This incident occurred on or about September 28, 2001, at approximately 2:30 a.m.  The following Springfield Police Officers were working an authorized overtime detail at the Hippodrome Nightclub on this occasion: Officer Juan Rosario, Officer Jason Sleeper and Sergeant Rupert A. Daniel.

At or around said time there was an altercation at Paramount Pizza Shop, which is located adjacent to the Hippodrome.  The above-named officers left the Hippodrome and responded to the altercation.  Upon arrival, they observed a group of individuals outside of the pizza shop.  The altercation was over. Notwithstanding, eyewitnesses saw these officers single out Mr. Murphy and brutally beat him.

To conceal their wrongful actions, the officers arrested Mr. Murphy and charged him with three counts of assault and battery upon a police officer, disorderly person and resisting arrest.

As a direct and proximate result of the physical assault committed by the Springfield Police Officers, the Plaintiff, Christopher Murphy, was caused and will continue to suffer severe and permanent injuries, incur medical expenses and other financial losses and experience pain and suffering.

On or around February 19, 2003, after trial, Mr. Murphy was acquitted of all charges. The City's responsibility became apparent during the course of the criminal trial.

Thank you for your attention to this matter.

Very truly yours,

A.J. O'Donald, III

cc:  Mr. Christopher Murphy
     Attorney Joseph A. Franco

# EXHIBIT B

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _____ ☐ Agent ☐ Addressee<br>B. Received by (*Printed Name*)   C. Date of Delivery 6-7-04 |
| 1. Article Addressed to:<br><br>Mayor CHARLES RYAN<br>CITY OF SPRINGFIELD<br>36 COURT STREET<br>Springfield, MA<br>          01103 | D. Is delivery address different from item 1? ☐ Yes<br>   If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☑ Certified Mail  ☐ Express Mail<br>☐ Registered  ☑ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? (*Extra Fee*)   ☐ Yes |
| 2. Article Number<br>   (*Transfer from service label*) | 7002 3150 0006 2588 2168 |

PS Form 3811, August 2001          Domestic Return Receipt          2ACPRI-03-Z-0985